IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO RAMIREZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>MR. ZEES, INC., an Illinois corporation, d/b/a MR. ZEE'S, and GEORGE ZERVAS, an individual,<br><br>Defendants. | Case No. 17-cv-02019 |

## **COMPLAINT**

The Plaintiff, Sergio Ramirez ("Plaintiff" or "Ramirez"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Mr. Zees, Inc. d/b/a Mr. Zee's ("Mr. Zee's") and George Zervas ("Zervas"), as follows:

**Nature of the Suit**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, *et seq.*, for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff, and other non-exempt cooks and dishwashers, worked more than 40 hours in individual workweeks and were not paid overtime compensation by Defendants. This case is

brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party is attached as Exhibit A.

**Jurisdiction and Venue**

2.  This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and city ordinance claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**The Parties**

4.  Plaintiff Ramirez is a former employee of the Defendants. Plaintiff previously worked for the Defendants from approximately July 28, 2016 through December 31, 2016.

5.  Defendants employed Plaintiff as a dishwasher.

6.  Defendant Mr. Zee's is a restaurant engaged in selling and serving prepared food and beverages to customers for consumption on or off the premises.

7.  Defendant Mr. Zee's is operated by Mr. Zees, Inc., an Illinois corporation, and is doing business at 3958 N. Narragansett Avenue in Chicago, Illinois.

8.  The president and registered agent for Defendant Mr. Zees are located within this judicial district.

9.  Upon information and belief, Defendant Mr. Zee's earned more than $500,000 in annual gross revenue during 2014, 2015 and 2016.

10. During the last three years before the filing of this suit, two or more employees of Defendant Mr. Zee's have handled, sold, or otherwise worked on goods or material, including, but not limited to, food, food products, and beverages, that were transported or produced out of

state.

11. Upon information and belief, Defendant Zervas is an owner of Defendant Mr. Zee's. Mr. Zervas is the president and registered agent for the operating entity, Mr. Zees, Inc.

12. Defendant Zervas possessed ultimate control over the day-to-day operations of Mr. Zee's. Zervas hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records.

13. Upon information and belief, Defendant Zervas resides in and is domiciled within this judicial district.

**Common Allegations**

14. Plaintiff, and other non-exempt cooks and dishwashers, were directed to work, and did work, more than 40 hours in individual workweeks.

15. Plaintiff was regularly scheduled to work from 12:00 p.m. to 10:00 p.m. on Monday, Tuesday, Wednesday, Friday and Saturday. Plaintiff also regularly worked from 11:00 a.m. to 8:30 p.m. on Sunday. Plaintiff was typically not scheduled to work on Thursday.

16. Based on his work schedule, Plaintiff regularly worked approximately 59.5 hours in individual workweeks for the Defendants.

17. Defendants paid Plaintiff on an hourly basis at the rate of $10.50 per hour.

18. Defendants did not compensate Plaintiff, and other non-exempt cooks and dishwashers, at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

19. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

20. In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiff by check for only 40 hours or less per week.

21. Defendants paid Plaintiff's overtime compensable hours in cash at his straight-time rate of pay.

22. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

23. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9.

## COUNT I
**Violation of the Fair Labor Standards Act – Overtime Wages**

24. Plaintiff hereby incorporates paragraphs 1 through 23 as though stated herein.

25. Throughout his employment with Defendants, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

26. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

27. During the course of Plaintiff's employment, Defendants employed other cooks and dishwashers who were similarly not exempt from the overtime wage provisions of the FLSA.

28. Throughout Plaintiff's employment, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

29. Defendant Mr. Zee's was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

30. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt cooks and dishwashers worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

32. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants paid Plaintiff's "straight-time" hours by check and paid Plaintiff's overtime compensable hours "under the table" in cash. Upon information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue departmental agencies. Additionally, Defendants violated the Act's recordkeeping regulations and posting requirements.

**WHEREFORE**, the Plaintiff, Sergio Ramirez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Mr. Zees, Inc. d/b/a Mr. Zee's and George Zervas, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

33. Plaintiff hereby incorporates paragraphs 1 through 23 as though stated herein.

34. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

35. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

36. During the course of Plaintiff's employment, Defendants employed other kitchen employees who were similarly not exempt from the overtime wage provisions of the IMWL.

37. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

38. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt cooks and dishwashers worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

39. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Sergio Ramirez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Mr. Zees, Inc. d/b/a Mr. Zee's and George Zervas, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

40. Plaintiffs hereby incorporate paragraphs 1 through 23 as though stated herein.

41. Plaintiff was an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

42. During the course of Plaintiff's employment, Defendants employed other cooks and dishwashers who were similarly not exempt from the overtime wage provisions of the CMWO.

43. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

44. Under § 1-24-040, for all weeks during which Plaintiffs and other non-exempt cooks and dishwashers worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

45. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiff, Sergio Ramirez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Mr. Zees, Inc. d/b/a Mr. Zee's and George Zervas, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: March 15, 2017

Respectfully submitted,
Sergio Ramirez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff


/s/ Nicholas P. Cholis
_____
One of Plaintiff's Attorneys


Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com

8